UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ALBERT JONES,

    Plaintiff,

        v.                        CAUSE NO. 3:21-CV-808-JD-MGG

HYATTE, et al.,

    Defendants.

OPINION AND ORDER

Albert Jones, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Jones is employed as a kitchen worker at the Miami Correctional Facility. He alleges that the kitchen has a bathroom that is in the open and has a camera pointed directly at it, affording no privacy whatsoever. He believes this violates both the Fourth Amendment and Eighth Amendment.

The Court of Appeals for the Seventh Circuit has held that inmates "maintain a privacy interest, although diminished, in their bodies" under the Fourth Amendment.

*Henry v. Hulett*, 969 F.3d 769, 779 (7th Cir. 2020). However, security and safety concerns must be considered.

> [P]rison administrators are to take all necessary steps to ensure the safety of not only the prison staffs and administrative personnel, but also visitors. They are under an obligation to take reasonable measures to guarantee the safety of the inmates themselves. They must be ever alert to attempts to introduce drugs and other contraband into the premises which, we can judicially notice, is one of the most perplexing problems of prisons today; they must prevent, so far as possible, the flow of illicit weapons into the prison; they must be vigilant to detect escape plots, in which drugs or weapons may be involved, before the schemes materialize.

*Id.* (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). The Fourth Amendment recognizes the interplay between the inmate's privacy interest and institutional concerns. *Id.* at 781. When reviewing these types of claims, courts must evaluate the reasonableness of the intrusion and afford prison administrators wide-ranging deference on matters of policy related to the need to "preserve internal order and discipline and to maintain institutional security." *Id.* at 783 (quoting *Bell v. Wolfish*, 441 U.S. 520, 547 (1979). "[I]n the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters." *Id.*

Here, Jones indicates that, as a kitchen worker, he is searched before leaving work every day, and continual monitoring of the toilet area is therefore not justifiable. While deference is afforded to prison officials in matters of intuitional security, Jones's complaint nonetheless states a claim against Warden Hyatte in his official capacity for injunctive relief and individual capacity for monetary damages. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) ("[T]he warden . . . is a proper defendant

2

[for] injunctive relief [and is] responsible for ensuring that any injunctive relief is carried out."). It cannot, however, be plausibly inferred that either Deputy Warden George Payne or Supervisor Mitchell were responsible for or have the authority to make changes related to the lack of privacy afforded kitchen workers who must use the restroom during their shifts.

Jones also invokes the Eight Amendment. The Court of Appeals for the Seventh Circuit addressed the differences between the Fourth Amendment and Eighth Amendment in the context of strip searches in *Henry v. Hylett*.

> Importantly, the Fourth and Eighth Amendments have different roles to play with respect to bodily searches and protect different categories of constitutional rights. The Eighth Amendment safeguards prisoners against the use of searches that correctional officers subjectively intend as a form of punishment. *See Whitley*, 475 U.S. at 319–20, 106 S.Ct. 1078. Because reasonableness is an objective test, a defendant's subjective state of mind is irrelevant to a court's Fourth Amendment analysis. *See Graham*, 490 U.S. at 398, 109 S.Ct. 1865 ("[T]he terms 'cruel' and 'punishments' clearly suggest some inquiry into subjective state of mind, whereas the term 'unreasonable' does not."). The Fourth Amendment thus protects prisoners from searches that may be related to or serve some institutional objective, but where guards nevertheless perform the searches in an unreasonable manner, in an unreasonable place, or for an unreasonable purpose. *See Bell*, 441 U.S. at 559, 99 S.Ct. 1861.

*Henry v. Hulett*, 969 F.3d at 781. Jones has not alleged any facts from which it can be plausibly inferred that any defendant intended the lack of privacy afforded to kitchen workers to serve as a form of punishment. Accordingly, he has not stated an Eighth Amendment claim.

For these reasons, the court:

(1) GRANTS Albert Jones leave to proceed against Warden Hyatte in his official capacity for injunctive relief to afford additional privacy while using the bathroom while working in the kitchen, unless institutional safety and security justify the intrusion, as required by the Fourth Amendment;

(2) GRANTS Albert Jones leave to proceed against Warden Hyatte in his individual capacity for monetary damages to the extent that his privacy was infringed upon in a manner not justified by institutional safety and security, in violation of the Fourth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Deputy Warden George Payne and Supervisor Mitchell;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Warden Hyatte at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1), under 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Warden Hyatte to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on December 15, 2021

/s/JON E. DEGUILIO  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT