UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ALBERT JONES,

        Plaintiff,

        v.                                                                  CAUSE NO. 3:21-CV-808-JD-MGG

HYATTE,

        Defendant.

OPINION AND ORDER

Albert Jones, a prisoner without a lawyer, is proceeding in this case on two claims against Warden Hyatte. First, he is proceeding on a claim "for injunctive relief to afford additional privacy while using the bathroom while working in the kitchen, unless institutional safety and security justify the intrusion, as required by the Fourth Amendment[.]" ECF 8 at 4. Second, he is proceeding on a claim "for monetary damages to the extent that his privacy was infringed upon in a manner not justified by institutional safety and security, in violation of the Fourth Amendment[.]" *Id.* Warden Hyatte filed a motion for summary judgment, arguing Jones did not exhaust his administrative remedies prior to filing this lawsuit. ECF 21. Jones filed a response, and Warden Hyatte filed a reply. ECF 29, 31. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the

evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002).

However, a prisoner can be excused from exhausting if the grievance process was effectively unavailable. *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). When prison staff hinder an inmate's ability to use the administrative process, administrative remedies are not considered available. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Accordingly, "a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809.

Warden Hyatte argues Jones did not exhaust his administrative remedies prior to filing this lawsuit because he submitted a grievance related to his claims but did not appeal the grievance office's denial of that grievance. ECF 23 at 4. Specifically, Warden Hyatte provides Jones's grievance records and an affidavit from the prison's Grievance Specialist, which show the following: On July 14, 2021, Jones submitted Grievance 130769, complaining he was forced to use the bathroom in front of an audience and in full view of a security camera. ECF 21-1 at 7; ECF 31-1 at 2. On August 26, 2021, the grievance office denied Grievance 130769 on its merits. ECF 21-1 at 7; ECF 31-1 at 1. Jones then waited until September 10, 2021, to submit a request for an appeal form. ECF 21-1 at 7. Because Jones' request for an appeal form was untimely and he did not comply with the Offender Grievance Process' requirements for requesting a time limit extension, the Grievance Specialist denied his request for an appeal form. *Id.*; ECF 29-1 at 2.

In his response, Jones concedes he did not timely appeal the grievance office's denial of Grievance 130769. ECF 29. However, he argues he was unable to submit a

3

timely appeal because the dorm he was in was on lockdown during the five business days of the appeal. *Id.* at 2. Moreover, he argues he submitted a request for an extension to appeal his grievance, but received no response from the Grievance Specialist. *Id.* On September 10, 2021, once the lockdown was over, he turned in a grievance appeal, which was rejected as untimely. *Id.*

In his reply, Warden Hyatte does not dispute that Jones was in lockdown during the five business days he had to file the appeal. ECF 31. The court therefore accepts as undisputed that Jones had good cause for the delay in submitting his appeal form. Instead, Warden Hyatte argues that, even assuming Jones had good cause, he still did not exhaust his available administrative remedies because he did not follow the Offender Grievance Process' requirements to request a time limit extension to submit his appeal. *Id.* at 2-3. Accordingly, the only issue remaining before the court is whether Jones complied with the Offender Grievance Process' requirements to request a time limit extension to appeal the grievance office's denial of Grievance 130769.

The Offender Grievance Process allows for an offender to request a time limit extension to submit a late grievance form if certain requirements are met. ECF 21-2 at 14. Specifically, the Grievance Process provides:

XIV. <u>TIME LIMIT EXTENSIONS:</u>

    A. For an offender:

An offender who does not follow the established time limits in this procedure may have his/her grievance or appeal denied for failure to comply to the time frames unless he or she is able to show good cause. If there are extenuating circumstances which caused the offender a delay in submitting the grievance form within the time

4

>frames, the offender must document and submit the reason for the delay on a separate piece of paper with signature and date, and include with the appropriate appeal form or make a request for the specific form to the Offender Grievance Specialist for review. The Warden/designee shall approve or deny such offender delay requests.

*Id.*

Here, the Grievance Specialist attests that "Offender Jones did not comply with the Offender Grievance Process' requirement for requesting an extension to appeal the grievance response." ECF 21-1 at 7. Jones responds he "did ask for an extension of the grievance appeal but [received] no response from [the Grievance Specialist]." ECF 29 at 2. In order to request a time limit extension, Jones was required to "document and submit the reason for the delay on a separate piece of paper with signature and date, and include with the appropriate appeal form or make a request for the specific form to the Offender Grievance Specialist for review." ECF 21-2 at 14. It is undisputed Jones submitted a request for an appeal form to the Grievance Specialist, but neither party provides a copy of that request. Therefore, the court cannot determine whether Jones complied with the Offender Grievance Process' requirements to request a time limit extension. Accordingly, there is a genuine issue of fact regarding whether Jones complied with the Offender Grievance Process' requirements to request a time limit extension to appeal the grievance office's denial of Grievance 130769. Resolving this issue will require a hearing as explained in *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). However, the court will not schedule such a hearing unless Warden Hyatte files a motion requesting it.

5

For these reasons, the motion for summary judgment (ECF 21) is **DENIED**.

Warden Hyatte is **CAUTIONED** that if a *Pavey* hearing is not requested by **January 27, 2023**, the affirmative defense of exhaustion of administrative remedies will be waived.

SO ORDERED on January 12, 2023

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT