UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ALBERT JONES, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:21-CV-808-MGG |
| HYATTE, | |
| Defendant. | |

OPINION AND ORDER

Albert Jones, a prisoner without a lawyer, is proceeding in this case on two claims against William Hyatte, the former warden of Miami Correctional Facility ("MCF"). First, he is proceeding "against Warden Hyatte in his official capacity for injunctive relief to afford additional privacy while using the bathroom while working in the kitchen, unless institutional safety and security justify the intrusion, as required by the Fourth Amendment[.]"[1] ECF 8 at 4. Second, he is proceeding "against Warden Hyatte in his individual capacity for monetary damages to the extent that his privacy was infringed upon in a manner not justified by institutional safety and security, in violation of the Fourth Amendment[.]" *Id.* Warden Hyatte filed a motion for summary judgment. ECF 116. Jones filed a response, and Warden Hyatte filed a reply. ECF 124, ECF 125. The summary judgment motion is now fully briefed and ripe for ruling.

---

[1] Pursuant to Federal Rule of Civil Procedure 17(d), "[a] public officer who sues or is sued in an official capacity may be designated by official title rather than by name . . .." Because Warden Hyatte is no longer the Warden of the Miami Correctional Facility, the clerk will be directed to substitute the Miami Correctional Facility Warden in his official capacity for Warden Hyatte in his official capacity.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Not every dispute between the parties makes summary judgment inappropriate; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009). Summary judgment "is the put up or shut up moment in a lawsuit . . . ." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008).

The Court of Appeals has held that inmates "maintain a privacy interest, although diminished, in their bodies" under the Fourth Amendment. *Henry v. Hulett*, 969 F.3d 769, 779 (7th Cir. 2020). However, security and safety concerns must be considered.

> [P]rison administrators are to take all necessary steps to ensure the safety of not only the prison staffs and administrative personnel, but also visitors. They are under an obligation to take reasonable measures to guarantee the safety of the inmates themselves. They must be ever alert to attempts to introduce drugs and other contraband into the premises which, we can judicially notice, is one of the most perplexing problems of prisons today; they must prevent, so far as possible, the flow of illicit weapons into the prison; they must be vigilant to detect escape plots, in which drugs or weapons may be involved, before the schemes materialize.

*Id*. (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). The Fourth Amendment recognizes the interplay between the inmate's privacy interest and institutional concerns. *Id*. at 781. When reviewing these types of claims, courts must evaluate the reasonableness of the intrusion and afford prison administrators wide-ranging deference on matters of policy related to the need to "preserve internal order and discipline and to maintain institutional security." *Id*. at 783 (quoting *Bell v. Wolfish*, 441 U.S. 520, 547 (1979)). "[I]n the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters." *Id*.; *see also Florence v. Bd. of Chosen Freeholders of Cty. Of Burlington*, 566 U.S. 318, 326 (2012) (holding that correctional administrators must have "substantial discretion to devise reasonable solutions to the problems they face," particularly when safety and security interests are at stake); *Henry*, 969 F.3d at 783 (when evaluating reasonableness, "courts must afford prison administrators wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security") (quotation marks omitted).

Warden Hyatte provides an affidavit from Major Robert Bennett, the Custody Supervisor at MCF, who attests to the following facts: MCF's Production Kitchen has a multi-person restroom which may be used by several people at once. ECF 116-2 at 2. The Production Kitchen restroom must be monitored by camera for the safety and security of inmates and prison staff, as monitoring the restroom reduces the probability of violence being committed within the restroom and allows prison officials to investigate any incidents. *Id.* Moreover, prison staff have discovered that some inmates have used the Production Kitchen restroom to smoke, smuggle, and deal contraband, and have used footage from the camera to identify and apprehend the individuals involved. *Id.* at 2-3. The placement of the camera in the Production Kitchen restroom is compliant with standards set by the American Correctional Association and Prison Rape Elimination Act. *Id.* at 3. The camera is not monitored by prison staff in real time, and footage is reviewed by authorized employees only after an incident is reported. *Id.* Absent any report of wrongdoing or a similar claim or report, the camera footage is not viewed by anyone. *Id.* The camera footage is stored for thirty to sixty days and is then overwritten absent a need for preservation. *Id.* Because Jones does not dispute these facts, the court accepts them as undisputed.

Warden Hyatte argues summary judgment is warranted in his favor because the use of the camera in the Production Kitchen restroom was reasonable and did not violate the Fourth Amendment. ECF 117 at 4-8. In response, Jones argues his Fourth

4

Amendment rights were violated because he was forced to use the Production Kitchen restroom in full view of the camera every day. ECF 124 at 2-3.[2]

Here, Warden Hyatte has provided undisputed evidence showing the placement of the camera in the Production Kitchen restroom is a reasonable intrusion justified by legitimate security concerns. Specifically, Warden Hyatte provides undisputed evidence the camera was placed in the Production Kitchen restroom to reduce violence, prevent inmates from using the restroom to smoke and smuggle contraband into the prison facility, and facilitate investigations into any misconduct. It is also undisputed the camera footage is not monitored in real time, but rather is reviewed by authorized employees only in the event of an incident. Because Warden Hyatte provides undisputed evidence the camera in the Production Kitchen restroom is a reasonable intrusion serving a legitimate security purpose, and Jones provides no evidence Warden Hyatte exaggerated those security concerns, no reasonable jury could conclude the camera violates Jones' Fourth Amendment rights. *See Henry*, 969 F.3d at 783; *see also Renee v. Neal*, 483 F. Supp. 3d 606, 610 (N.D. Ind. 2020) (concluding Indiana State Prison's policy subjecting all kitchen employees to strip searches as a step toward lowering contraband was reasonable because it was adopted to combat drug trafficking); *see also Alicea v. Dart*, No. 18-CV-05381, 2022 WL 4602103, at *5-6 (N.D. Ill.

---

[2] Jones also argues summary judgment should be denied because Warden Hyatte "destroyed" the relevant camera footage in this case, which would have shown that Warden Hyatte's intent was to deprive Jones of his privacy. ECF 124 at 11-17. But the court already determined that Jones was not prejudiced by the failure to preserve the camera footage, as Warden Hyatte does not dispute the existence or placement of the camera in the Production Kitchen restroom. ECF 84 at 3-4. Therefore, the content of the camera footage is not relevant to any issue presently before the court.

Sept. 30, 2022) (concluding video surveillance of toilet area in holding cells was reasonable because policy was a valid security measure and prison staff was limited in their ability to view live feeds); *Hughes v. Manitowoc Cty. Jail*, No. 23-cv-1251-PP, WL 8113224, at *2-3 (E.D. Wis. Nov. 22, 2023) (security camera pointed directly at toilet in cell reasonable so long as there is a "legitimate, non-punitive security reason" for the camera placement and it was without an intent "to humiliate and inflict psychological pain").[3] Therefore, summary judgment is warranted in favor of Warden Hyatte and the Miami Correctional Facility Warden on all claims.

For these reasons, the court:

(1) DIRECTS the clerk to substitute the Miami Correctional Facility Warden in his official capacity for Warden Hyatte in his official capacity;

(2) GRANTS Warden Hyatte's motion for summary judgment (ECF 116); and

(3) DIRECTS the clerk to enter judgment in favor of the defendants and against Albert Jones and to close this case.

SO ORDERED on March 28, 2024

                                                     s/Michael G. Gotsch, Sr.
                                                    Michael G. Gotsch, Sr.
                                                    United States Magistrate Judge

---

[3] Because the court concludes the placement of the camera in the Production Kitchen restroom was a reasonable intrusion that did not violate Jones' Fourth Amendment rights, it does not reach Warden Hyatte's alternate arguments that the unmonitored camera did not constitute a search within the meaning of the Fourth Amendment, Warden Hyatte was not personally involved in the camera placement, and the issue is moot because Warden Hyatte is retired and Jones has been transferred to a different prison facility.